```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                          13-cv-06522 (FB) RML)
-------------------------------------------------------------------X
TAHREL SWINTON,

                                        Plaintiff,         FIRST AMENDED
                                                              COMPLAINT
                -against-
                                                         JURY TRIAL DEMANDED
THE CITY OF NEW YORK, VINCENT J. PIRA,
XAVIER GALLOZA, and COLIN DELANEY,

                                        Defendants.
-------------------------------------------------------------------X
```

Plaintiff, **TAHREL SWINTON**, by and through his attorneys, **MICHAEL T. CARR, ESQ., PLLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the Plaintiff seeks relief from the Defendants' violations of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments. The Plaintiff seeks damages, both compensatory and punitive, affirmative equitable relief, an award of costs and attorney's fees, and such other and further relief as this court deems just and equitable.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981 and 1983.

3.     Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. § 1391 (a), (b) and (c).

## PARTIES

4.     Plaintiff TAHREL SWINTON (the "Plaintiff") is twenty (20) year old male of African American ancestry, and was and is at all times hereinafter mentioned a citizen of the United States residing in the State of New York and the County of Kings.

5.     Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing pursuant to and by virtue of the laws of the State of New York. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

6.     Defendant VINCENT J. PIRA ("PIRA"), upon information and belief, was and is at all times relevant herein duly appointed and acting officer, servant, employee and/or agent of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. Defendant PIRA is and was at all times relevant herein acting under color of state law in the course and scope of his duties and functions as an officer,

agent, servant, and employees of Defendant THE CITY OF NEW YORK, and was acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties. Defendant PIRA is sued individually.

7. Defendant XAVIER GALLOZA ("GALLOZA"), upon information and belief, was and is at all times relevant herein duly appointed and acting officer, servant, employee and/or agent of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. Defendant GALLOZA is and was at all times relevant herein acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employees of Defendant THE CITY OF NEW YORK, and was acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties. Defendant GALLOZA is sued individually.

8. Defendant COLIN DELANEY ("DELANEY"), upon information and belief, was and is at all times relevant herein duly appointed and acting officer, servant, employee and/or agent of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. Defendant DELANEY is and was at all times relevant herein acting under color of state law in the course and scope of his duties and functions

as an officer, agent, servant, and employees of Defendant THE CITY OF NEW YORK, and was acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties.  Defendant DELANEY is sued individually.

## STATEMENT OF FACTS

9.      On or about July 5, 2011 at or near 512 Stone Avenue, Brooklyn, New York, County of Kings, in the Eastern District of this Court, Defendants PIRA. GALLOZA, DELANEY, and other police officers, arrested Plaintiff pursuant to New York Penal Law 110/120.00(1), attempted assault in the third degree, and New York Penal Law 240.20(1), disorderly conduct.

10.     During the arrest, at or near 512 Stone Avenue, Brooklyn, New York, on or about July 5, 2011, Plaintiff was thrown to the ground so violently by Defendants PIRA, GALLOZA, and/or DELANEY that his left arm was broken requiring a full-length cast.

11.     During the arrest, at or near 512 Stone Avenue, Brooklyn, New York, Defendants PIRA, GALLOZA, and/or DELANEY slammed Plaintiff's head and body onto their police car causing injuries to Plaintiff's head, including but not limited to: a laceration, swelling, bruising, and an abrasion, all above Plaintiff's eye. The laceration above the eye caused a permanent scar on Plaintiff's body.

12. After the arrest, Plaintiff was held for approximately forty-eight (48) hours before receiving medical attention, despite repeatedly requesting said treatment.

13. After the arrest, Plaintiff was held for approximately five (5) days before being arraigned, in violation of his constitutional rights.

14. On March 29, 2012, the Plaintiff joined the District Attorney's application to adjourn the matter in contemplation of dismissal in connection with the above-mentioned arrest. The matter was subsequently dismissed by virtue of the application.

## AS AND FOR A FIRST CAUSE OF ACTION
(Excessive Force)

15. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

16. By and through their actions as stated above, Defendants PIRA, GALLOZA, and/or DELANEY used excessive force in detaining and arresting Plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and United States Constitution and its Amendments.

17. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific bodily injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SECOND CAUSE OF ACTION
(False arrest and false imprisonment)

18. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

19. By the actions described above, Defendants PIRA, GALLOZA, and/or DELANEY falsely arrested or caused to be falsely arrested plaintiff without reasonable or probable cause, illegally and without a warrant, and without any right to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

20. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific bodily injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A THIRD CAUSE OF ACTION
(Deprivation of federal civil rights under the United States Constitution and
42 U.S.C §§ 1981 and 1983)

21. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

22. By their conduct and actions in arresting, imprisoning, physically assaulting, failing to intercede on behalf of Plaintiff and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of other Defendants, Defendant PIRA,

GALLOZA, and or DELANEY, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. §§ 1981 and 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

23.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific bodily injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Liability of Defendant the City of New York for Constitutional Violations)

24.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

25.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police and corrections departments, and through defendants PIRA, GALLOZA, DELANEY, and THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

26.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through PIRA, GALLOZA, and DELANEY had de facto policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees, police officers, and

corrections officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

27. Further, Defendant THE CITY OF NEW YORK had a policy or custom of not disciplining officers who use excessive force against alleged perpetrators, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy that caused Plaintiff's injuries. This policy of not disciplining officers is the direct cause of Plaintiff's injuries.[1]

28. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific bodily injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Fourteenth Amendment Violation-Denial of Medical Attention)

29. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

---

[1] It is respectfully requested that Court take judicial notice of the numerous cases against the City of New York, the New York Police Department, and New York City Police Officers, involving excessive force where the officers complained of suffered no disciplinary consequences. This is true for *Christian Garcia v. The City of New York, et. al*. (11cv2284) (JBW), where a jury verdict was entered against a police officer. In fact, the officer complained of was promoted during the pendency of the *Garcia* case.

30. By and through Defendants' actions, as stated above, by depriving Plaintiff of timely medical treatment and attention, Defendants violated Plaintiff's rights as guaranteed by the Fourteenth Amendment of the United States Constitution.

31. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific bodily injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Fourth and Fourteenth Amendment Violations-Failure to Timely Arraign)

32. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

33. By and through Defendants' actions, as stated above, by failing to have Plaintiff timely arraigned by a judge or magistrate, Defendants violated Plaintiff's rights as guaranteed by the Fourth and Fourteenth Amendment of the United States Constitution.

34. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific bodily injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, Plaintiff demands the following relief jointly and severally against all of the defendants:

a) Compensatory damages;

b) Punitive damages;

c) The convening and empaneling of a jury to consider the merits of the claims herein;

d) Costs and interest and attorneys' fees;

e) Such other further relief as this court may deem appropriate and equitable.

Dated: Brooklyn, New York
July 3, 2014

Respectfully submitted,
**MICHAEL T. CARR, ESQ., PLLC**
*Counsel for the Plaintiff*

*Michael T Carr*

_____
Michael T Carr (MC8262)
16 Court Street, Suite 2901
Brooklyn, NY 11241
(718) 858-0227

10